UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYPRESS/SPANISH FORT I, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1507-B |
| | § | |
| PROFESSIONAL SERVICES, | § | |
| INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Professional Service Industries, Inc.'s Rule 12(b)(3) Motion to Dismiss for Improper Venue, and, Alternatively, Motion to Transfer Venue and Brief in Support (doc. 3) and Plaintiff's Objections and Motion to Strike the Affidavit of Mark Weiland (doc. 15). This case was removed from Texas state court by Defendant on August 2, 2010 (doc. 1). Defendant has agreed to withdraw its Motion to Dismiss for Improper Venue. (Def.'s Reply 1). Thus, the Court **DENIES** Defendant's Motion to Dismiss for Improper Venue. For the reasons that follow, the Court also **DENIES** Defendant's Motion to Transfer Venue and **DENIES** Plaintiff's Motion to Strike as moot.

### I.

### BACKGROUND

This is a construction dispute. Plaintiff Cypress/Spanish Fort I, L.P, a resident of Dallas County, Texas, initiated this action in the 101st Judicial District Court of Dallas County, Texas on June 30, 2010. (Plf.'s Resp. 2; Orig. Pet. 1.). Plaintiff brings a host of claims against Professional

- 1 -

Service Industries, Inc. ("PSI"), all centering on PSI's geotechnical design and testing work at Plaintiff's Spanish Fort Town Center Project. (*See generally* Orig. Pet.). PSI removed to this Court on August 2, 2010. (Notice of Removal 1). PSI is a Delaware corporation that is headquartered in Illinois. (Plf.'s Resp. 6).

On August 2, 2010, PSI also filed the instant Motion, seeking a transfer of this cause to the Southern District of Alabama, Southern Division.[1] (Def.'s Mot. to Transfer Venue 1.) In support of its Motion, PSI maintains that the project is located in Alabama, all or a substantial part of the events giving rise to this suit occurred in the Southern District of Alabama, "[m]ost, if not all of the witnesses, employees and potential parties reside" in that district, and the residents of that district have a greater interest in the outcome of the case than this District. (*Id.* at 2.) Plaintiff opposes the transfer, insisting the Northern District of Texas is no less convenient a forum. (*See generally* Plf.'s Resp.).

On September 7, 2009, PSI moved for leave to file the supplemental affidavit of Mark Weiland in support of its Motion to transfer Venue (doc. 6). Plaintiff responded (doc. 10), and the Court granted the Motion (doc.11). Defendant filed its affidavit (doc. 13), and Plaintiff filed its Objections and Motion to Strike (doc. 15). However, as demonstrated below, the Court need not address the Weiland Affidavit because, even if the Court were to accept each of Mr. Weiland's assertions, PSI has still failed to clearly demonstrate the need for transfer to the Southern District of Alabama.

---

[1]As discussed above, PSI has withdrawn its argument of dismissal for improper venue.

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a) a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007) (Boyle, J.). To meet this burden, the movant must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means the moving party, in order to support its claim for a transfer, must ... clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201,

203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen [venue], the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *In re Volkswagen*, 545 F.3d at 315.

## III.

## ANALYSIS

PSI requests a transfer to the Southern District of Alabama. As set forth above, to obtain such relief PSI must initially show that this cause could have been originated in the Southern District of Alabama. The parties do not dispute that the case could have been filed there. Thus, the only issue before the court is whether granting a transfer would serve the interests of convenience and justice. The Court will first analyze the relevant private interest factors, and subsequently address the proper public interest factors.

A. *Private Factors*

    i. <u>Access to Sources of Proof</u>

PSI insists that transfer is proper because the project is physically located in the Southern District of Alabama, and thus any future testing would be more easily procured if the case were transferred there. (Def.'s Reply 4). Plaintiff, on the other hand, argues that most of the documentary evidence relevant to the case, including the original contract documents, the reports

generated by PSI, and copies of the parties' correspondence, is housed in the Northern District of Texas. (Plf.'s Resp. 11-12).

The Court finds that this factor weighs more heavily in Plaintiff's favor. For one, there is no indication from either party that future testing of the site is even necessary. Furthermore, if testing is required, there is no indication that PSI's access to the site will be limited in any way if the case proceeds before this Court. The same Federal Rule dealing with entry upon the land of a party opponent to conduct testing would apply. *See* FED. R. CIV. P. 34(a)(2). On the other hand, the fact that so many of the relevant documents remain in the Northern District of Texas counsels against transfer.

    ii.    <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

PSI argues that the majority of independent, non-party witnesses reside in Alabama or surrounding areas. (Def.'s Reply 6). In support of this assertion, PSI points to five potential witnesses who reside in Alabama or nearby Pensacola, Florida. (Weiland Aff. ¶ 14). Plaintiff responds by pointing to five witnesses who all reside in the Northern District.

The Court is once again more convinced by Plaintiff's arguments. It is well established that "[t]he party seeking transfer must specify . . . clearly the key witnesses to be called and their location and must make a general statement of what their testimony will cover." 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851 (3d ed. 2007); *see Citicapital Commercial Corp. v. First Nat'l Bank of Fort Smith*, Cause No. A3:04-CV-0302-B, 2005 WL 856886 (N.D. Tex. 2005) (Boyle, J.) (citing *SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1104 (S.D. Tex. 2000)). Plaintiff has provided a general statement of the testimony of its witnesses. (Plf.'s Resp. 4-5). PSI has not. *(See* Weiland Aff. ¶ 14). Furthermore, of the five

witnesses cited by PSI, only two would even be subject to a subpoena in the Southern District of Alabama. *See* FED. R. CIV. P. 45(b)(2) (stating that court may subpoena persons within same state that are within 100 miles). Montgomery, Alabama and Birmingham, Alabama are both more than 100 miles from the Southern District of Alabama's Southern Division. Pensacola is not in Alabama. Thus, this factor also weighs in favor of the Plaintiff.

    iii.    <u>Cost of Attendance for Witnesses</u>

Even ignoring the issues with PSI's identified witnesses, this factor does not weigh in either party's favor. Here, each party has presented five potential witnesses who reside in the parties' desired venue locations. No matter which jurisdiction hears the case, one sides witnesses will bear the cost of traveling to the other jurisdiction.

    iv.    <u>All Other Practical Problems</u>

The parties have raised no other practical problems, and thus the court does not weigh this factor.

B.   *Public Factors*

    i.    <u>Administrative Difficulties</u>

PSI argues that the Northern District of Texas is more congested than the Southern District of Alabama, citing to the Federal Judicial Caseload Statistics. (Def.'s Mot. to Transfer Venue 13). However, PSI's reliance on a seven month difference in median filing-to-trial time is too tenuous. For one, the most recent statistics (as of September 30, 2009 instead or March 31, 2009) indicate that the gap has decreased to less than months. This District's median filing-to-disposition time is actually almost a full month quicker than the Southern District of Alabama. The Court finds that the evidence of congestion conflicts, and thus does not weigh in favor of either party.

ii. <u>Local Interest</u>

PSI argues that since the project is located in the Southern District of Alabama, its residents have a greater interest in the outcome of the litigation than the residents of the Northern District of Texas. (Def.'s Mot. to Transfer Venue 13-14). However, the Plaintiff's principle place of business is in the Northern District. (*Id.* 2). This District therefore also has a strong local interest in this case, and this element does not weigh more heavily in favor of either party.

iii. <u>Familiarity with Governing Law</u>

PSI appears to argue that the Southern District of Alabama is more familiar with the laws of the State of Alabama than this Court. (*See* Def.'s Mot. to Transfer Venue 14; Def.'s Reply 8). This factor is the only one of the eight that might favor transfer. At the same time, the Court has no doubt that it is fully capable of dutifully interpreting and applying Alabama law in the instant case. While a federal court in the Southern District of Alabama may be more familiar with Alabama state law, that alone is insufficient to warrant a transfer.

iv. <u>Avoidance of Unnecessary Conflict of Laws</u>

As both proposed courts would be applying both Federal and Alabama law, there is no greater risk of conflict in either jurisdiction.

**IV.**

**CONCLUSION**

Weighing the factors in this case, the Court finds that PSI has failed to satisfy its burden of showing that the Southern District of Alabama would be "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss for Improper Venue, and, Alternatively, Motion to Transfer Venue and Brief in Support (doc. 3). The

Court also **DENIES** as moot Plaintiff's Objections and Motion to Strike the Affidavit of Mark Weiland (doc. 15).

SO ORDERED.

DATED September 27, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE